## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RAFAEL JOAQUIN BALBUENA-
DUMOY,

        Petitioner,

-vs-

JOSH JOHNSON, *et al.,*

        Respondents.

)
)
)
)
)
)
)
)
)
)
)

NO.  CIV-26-0852-HE

## **ORDER**

Petitioner Rafeal Joaquin Balbuena-Dumoy, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE")  [Doc. #1].  Upon examination of the petition, the court orders as follows:

1. Within 14 days from the date of this order, respondents shall file an answer or other response, consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing Section 2254 Cases").[1]  Alternatively, respondents may file a pre-answer motion.

2. If respondents file an answer or other response, petitioner may file a reply within 7 days from the filing date.

---

[1] *The court may apply the Rules Governing Section 2254 Cases to a § 2241 petition.  See Rule 1(b) of the Rules Governing Section 2254 Cases; see also* Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005).*

3. If respondents file a pre-answer motion and petitioner opposes that motion, petitioner shall file a response within 10 days of the filing date.   See LCvR7.1(g).   Any motion that is not opposed within 10 days, may, in the court's discretion, be deemed confessed.  *See id.*

4. The court notifies the parties that if respondents file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and rely on affidavits and/or documents not attached to or incorporated by reference in the petition, the court will likely convert the motion into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d); 56; *see also* <u>Alloway v. Jordan</u>, 69 Fed. Appx. 431, 433 (10th Cir. 2003) (discussing conversion of a motion to dismiss in a habeas proceeding).  Should this occur, petitioner is notified of his responsibility to respond to the motion and present to the court all relevant evidence or materials.

5. According to the petition, petitioner is detained within the territorial jurisdiction of the Western District of Oklahoma.[2]

   a. Respondents shall file written notice at least 72 hours before removing, transferring, relocating, or otherwise moving petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma.

   b. If respondents contest that petitioner is detained within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written

---

[2] *Specifically, the petition alleges petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma [Doc. #1, ¶2].*

notice stating the name and location of the facility in which petitioner is confined. Such notice shall be provided promptly after respondents become aware of petitioner's location.

6. The court directs the court clerk to send a copy of this order and a copy of the petition to the United States Attorney for the Western District of Oklahoma on respondents' behalf at the following address: 210 W. Park Ave, Suite 400, Oklahoma City, Oklahoma 73102.

7. The court clerk shall not issue summons. *See* Rule 4 of the Rules Governing Section 2254 Cases (requiring a district court to "promptly examine" a petition and "[i]f the petition is not dismissed," then "order the respondent to file an answer, motion, or other response within a fixed time").

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE