**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAFEAL JOAQUIN BALBUENA-DUMOY, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-0852-HE |
| JOSH JOHNSON, et al., | ) ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Petitioner Rafeal Joaquin Balbuena-Dumoy seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the record, petitioner is a native and citizen of Cuba who entered the United States at or near Lukeville, Arizona on or about September 10, 2022. Petitioner was placed into removal proceedings through issuance of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. The record indicates that on February 21, 2026, ICE arrested petitioner in Dallas, Texas pursuant to a Warrant for Arrest of Alien and took him into custody. He is currently held at Diamondback Correctional Facility in Watonga, Oklahoma.

In the habeas petition, petitioner claims his continued and prolonged detention without a bond hearing violates the Fifth Amendment due process clause.  Petitioner requests an individualized bond hearing before a neutral decisionmaker, or in the alternative, immediate release.  As ordered by the court, the federal respondents have responded to the petition.  Despite petitioner not challenging the issue, they address whether petitioner's detention is properly governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A).  They "acknowledge that the Court has ruled on this issue" ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and "understand the present case may be decided in similar fashion." [Doc. #9, ECF p. 2].  However, based upon Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  In reply, petitioner asserts that the same reasoning in Ramirez Rojas v. Noem applies in this case and he asks the court to enforce the Constitution and require a meaningful individualized custody determination.

Upon review and in light of the federal respondents' arguments, the court concludes the § 2241 habeas corpus petition should be deemed amended to allege that petitioner's detention pursuant to § 1225(b)(2)(A), rather than § 1226(a), violates the INA, and to request an individualized bond hearing pursuant to § 1226(a).  See Rule 1(b), Rules

2

Governing Section 2254 Cases (Rules may be applied to habeas corpus petitioners arising under § 2241); Rule 12, Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure may be applied to a habeas corpus proceeding); Fed. R. Civ. P. 15(a)(2) (Party may amend its pleading with court's leave and "court should freely give leave when justice so requires.").

Turning to the merits of the INA claim, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem that 8 U.S.C. § 1226(a) governs detention under similar circumstances as those presented here.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Courts of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713, 719-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258, 1261-85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas petition

---

[1] *See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at \*\*3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at \*1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at \*2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at \*1 (W.D. Okla. Nov. 20, 2025).*

in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's Fifth Amendment due process claim.*